UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE STREETER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05-CV-1203 (JCH) |
| ) | |
| JIM MOORE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Missouri state prisoner Willie Streeter's pro se Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, filed August 3, 2005. (Doc. No. 1). The matter is fully briefed[1] and ready for a decision.

On February 28, 2003, Petitioner pled guilty to one count of Second Degree Trafficking and one count of Unlawful Possession of a Controlled Substance in the Circuit Court of St. Louis County, Missouri ("St. Louis County Court"). (Resp., Doc. No. 8 Ex. A pg. 28). At that time, the St. Louis County Court sentenced him to concurrent terms of imprisonment of thirteen years and one year. (Id. at pg. 29). Immediately following his guilty plea and sentencing, the St. Louis County Court revoked his probation,[2] executed his four suspended sentences of five, six, seven, and ten years, and ordered that all of his sentences would run concurrently. (Id. at pg. 12-18, 29-30). Petitioner did not appeal his conviction. (Id. at pg. 38).

---

[1]Petitioner failed to file a Traverse.

[2]Petitioner was on probation for two Unlawful Possession of a Controlled Substance convictions along with convictions for Unlawful Use of a Weapon by Carrying a Concealed Weapon, Delivery of a Controlled Substance, and Second-Degree Trafficking. (Resp., Doc. No. 8 Ex. A pg. 17-21).

- 1 -

On May 6, 2003, Petitioner filed a Rule 24.035 Motion for Post Conviction Relief in the St. Louis County Court ("Rule 24.035 Court"), which was denied on October 6, 2003. (Id. at pg. 48, 77-85). Petitioner filed his appeal on November 14, 2003, which the Missouri Court of Appeals summarily denied on October 4, 2004. (Id. at Ex. pg. 86, Ex. D).

In the instant petition for writ of habeas corpus, Petitioner raises the following claims for relief:

1. He received ineffective assistance of counsel because his attorney coerced him to plead guilty by telling him the court did not want to hear from his witnesses;

2. He received ineffective assistance of counsel because his attorney coerced him to plead guilty by threatening him with "injustice and vindictiveness." Specifically, his attorney told him the court would punish him at sentencing for taking his case to trial by ordering all of his suspended sentences to run consecutively; and

3. He received ineffective assistance of counsel because his attorney refused to let him take a polygraph test.

(Pet., Doc. No. 1 pg. 6-8). Respondent contends that Petitioner's claims for relief should be denied on their merits, as the state court rulings were not contrary to, or an unreasonable application of clearly established federal law.

**Exhaustion Analysis**

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted

because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

The record demonstrates that Petitioner's claims are exhausted either because they have been properly raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

**Procedural Default**

In Claim Three, Petitioner asserts that he received ineffective assistance of counsel because his attorney refused to let him take a polygraph test. Petitioner failed to raise this claim in his appeal from the Rule 24.035 Court's judgment. (Resp., Doc. No. 8 Ex. B). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994)(citation omitted). A Missouri inmate defaults claims which should have been raised, but were not, on appeal from the denial of a motion for post-conviction relief. Moore-El v. Luebbers, 446 F.3d 890, 897-98 (8th Cir. 2006). Because Petitioner failed to raise this claim in state court proceedings, it is defaulted, and he is procedurally barred from pursuing it here. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995).

This Court cannot reach the merits of Claim Three absent a showing of cause and prejudice, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has failed to make a showing of cause. Furthermore,

Petitioner does not claim that he is actually innocent; thus, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995). Accordingly, Claim Three is procedurally defaulted and will be denied.

**Claims Addressed on the Merits**

Petitioner alleges that he received ineffective assistance of counsel because his trial attorney told him that the St. Louis County Court did not want to hear from his witnesses and would punish him for taking his case to trial. (Pet., Doc. No. 1 pg. 5-7). Petitioner contends that as a result of this alleged ineffective assistance of counsel, his plea of guilty was neither voluntarily nor intelligently made. (Id.).

Petitioner raised these claims before the Missouri courts, and the Rule 24.035 Trial Court held as follows:

> Movant's second point, was that the plea of guilty was not voluntary and intelligently made because he was coerced by plea counsel to enter a plea of guilty. Movant alleges that plea counsel used scare tactics and false information to convince him to plead guilty.
>
> When the Court ask Movant, "We're back on the record Mr. Streeter, the question I asked you was are you asking me to accept these pleas of guilty because you are in fact guilty?" Movant stated, "Yeah." The Court asked, "Yes?". The Movant replied, "Yes, Sir."(Plea Tr. p. 10, lines 12-18).
>
> The Court asked Movant, "Are other than certain plea negotiations which have gone on between your attorney and the Prosecuting Attorneys Office, has anyone made any threats or promises to you in order to get you to enter these pleas of guilty." (Plea Tr. p. 6, lines 21-25). Movant stated "I feel like the State did." The Court stated, "The State did? In recommending they'd given you a recommendation of thirteen years in exchange for a plea of guilty; is that correct? That's what the prosecutor has recommended in exchange for the plea of guilty; you understand that, right?" Movant stated, "Yeah." The Court asked Movant, "Other than that did anybody make any other promises to you or threaten you in any way to get you to enter the plea of guilty?" Movant's answer [w]as, "No." (Plea Tr. p. 7, lines 1-13). Questions posed and responses elicited by Judge at both plea and sentencing hearings were specific enough to conclusively refute defendant's allegations this guilty plea

was coerced where defendant had ample opportunity during proceedings to voice any complaints. McKay v. State 12/370 (SD00). Movant stated on the record he was guilty of the charges, and that he was not threatened to get him to enter the pleas of guilty. Movant never stated to the Court that his attorney threatened, coerced, or made false promises to induce him to plead guilty. Movant's second point is refuted on the record, point two denied.

Movant's final point was that his plea of guilty was not voluntary and intelligently made because he was coerced by plea counsel to enter a plea of guilty. Movant stated he was told by plea counsel that the Court did not want to hear from his witnesses including Ricky Williams who was present as the hearing. Movant reluctantly entered a plea of guilty and felt his attorney was ineffective.

After entering a plea of guilty, ineffective assistance of counsel is relevant only to the extent it affected the voluntariness of the plea. Whaley v. State, 833 S.W.2d 441, 444 (Mo. App. S.D. 1992). In this case, the record clearly shows that Movant's plea was voluntary.

The Court asked Movant, "Did Mr. Sims do all of the things you asked of him as your attorney prior to entering this plea of guilty in your behalf?" Movant replied, "I guess so." The Court stated, "The thirteen year sentence which I imposed, was the result of a plea bargain? Something Mr. Sims was able to work out with the Prosecutor's Office?" Movant stated, "Yes, Sir." The Court finally stated, "Other than the plea bargain did he, or anybody else, make any threats or promises to you in order to get you to enter the plea of guilty?" Movant stated, "No." (Plea Tr. p. 19, lines 2-4).

Movant never stated on the record he wanted Ricky Williams to testify. When Movant was asked by the Court if Mr. Sims has done all the things he asked him to do, he stated, "I guess so." Movant also stated no one made any threats or promises to induce him into pleading guilty. Movant's final point is refuted on the record, point three is denied.

Finally, Movant's pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence is refuted on the record.

Movant made multiple claims against his attorney Paul Sims. Movant stated that his attorney said if he didn't get an acquittal, Movant would receive long term drug treatment. Movant said his attorney threatened him, and if he didn't take the thirteen years the judge would run the Movant's probation revocations consecutively. Movant claimed he wanted a continuance, but attorney wouldn't get one for him. Movant stated his attorney said that the prisons were crowded, and Movant would be paroled within twenty-six months. Movant told the Court that no one made threats or promises to get him to plead guilty. Movant's pro se claims have previously been refuted on the record in this motion, pro se points denied.

Movant claims in his pro se motion his attorney Paul Sims, failed to subpoena disciplinary records of the arresting officer. Movant stated that his attorney was to present mitigating evidence at the sentencing hearing. Movant stated he wanted his attorney to call witnesses at the hearing. Movant stated he wanted his probation officer to be present. Movant stated he wanted his attorney to talk to the second arresting office. Movant stated he wanted his attorney to give hand written statements from witnesses to the court at the hearing. At the plea and sentencing, Movant told the Court Mr. Sims did all the things he asked of him prior to the plea. Movant's pro se claims have previously been refuted on the record in this motion, pro se points denied.

Movant claims in his pro se motion he was not guilty and his attorney convinced him to plea guilty. Movant also said the States case against the Movant was weak. Movant stated his attorney was to show the Court at the hearing he was not guilty of the new case. At the plea and sentencing Movant told the Court he was guilty of Trafficking Second Degree. Movant's pro se claims have previously been refuted on the record in this motion, pro se points denied.

In order for a court to order an evidentiary hearing on a motion for a post-conviction relief, the motion must meet three requirements: (1): the motion must allege facts, not conclusions, warranting relief; (2.) the facts alleged must raise matters not refuted by the files and records in the case; and (3.) the matters complained of must have resulted in prejudice to the Movant. To show the required prejudice for an ineffective assistance of counsel claim, the facts alleged must show a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. State v. Carter, 955 S.W.2d 548, 553-554 (Mo.banc. 1997).

Movant's counsel provided effective assistance of counsel.

Movant was not denied any rights under the provisions of the Missouri Constitution or United States Constitution.

(Resp., Doc. No. 8 Ex. A pg. 80-84). The Missouri Court of Appeals affirmed this judgment without discussion.[3] (Id. at Ex. D).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

---

[3] Denying an appeal without discussion is still considered an adjudication on the merits under the 28 U.S.C. § 2254(d). Weaver v. Bowersox, 438 F.3d 832, 839 (8th Cir. 2006).

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d)(1), a petitioner may prevail if the state court's decision is opposite to that reached by the United States Supreme Court on a question of law or if a state court decides a case differently than the United States Supreme Court despite confronting indistinguishable facts. See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000)(citing Williams v. Taylor, 529 U.S. 362 (2000) (holding that the "contrary to" clause refers to the Supreme Court's holdings and not its dicta)).

Under the "unreasonable application" clause of § 2254(d)(1), a writ may issue only if the state court identifies the correct governing legal principle from the United State Supreme Court's decisions but unreasonably applies the principle to the facts of the petitioner's case. See Williams, 529 U.S. at 412. Under this clause, a federal habeas court should ask "whether the state court's application of clearly established federal law [as determined by the United States Supreme Court] was objectively unreasonable." Id. at 1521. It is not enough for the federal habeas court to conclude in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, a federal habeas court may only grant relief if the state court's resolution of the claim "cannot reasonably be justified under existing Supreme Court precedent." Nelson v. Hvass, 392 F.3d 320, 322 (8th Cir. 2004)(quoting Boyd v. Minnesota, 274 F.3d 497, 500

(8th Cir. 2001)). Finally, the Court is bound by the state court's findings of fact, absent clear and convincing evidence that those findings were incorrect. 28 U.S.C. § 2254(e)(1); Simmons v. Luebbers, 299 F.3d 929, 942 (8th Cir. 2002).

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that (1) his trial counsel's performance was so deficient as to fall below an objective standard of customary skill, and (2) there is a reasonable probability the outcome of the trial would have been different absent the deficient performance of the trial counsel. Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006)(citing Strickland v. Washington, 466 U.S. 668 (1984)). Judicial scrutiny of a counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment. Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006). To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Stickland, 466 U.S. at 690. To show prejudice in the context of a guilty plea, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A Petitioner cannot show prejudice by relying on the cumulative effect of a series of errors by counsel. Hall v. Luebbers, 296 F.3d 685, 692 (8th Cir. 2002). The Court will now address Petitioner's claims.

**Claim One**

Petitioner first claims that he received ineffective assistance of counsel, and entered an involuntary guilty plea, because his attorney told him that the Court did not want to hear from his witnesses. Respondent asserts that these statements represent counsel's assessment of the witnesses' credibility. (Resp., Doc. No. 8). Petitioner has not presented any evidence to contradict this assertion.

Decisions related to litigation strategy are virtually unchallengeable. Bowman v. Gammon, 85 F.3d 1339, 1345 (8th Cir. 1996). Even assuming that counsel was deficient, Petitioner cannot show prejudice. Petitioner swore in open court that his plea was voluntary and has not presented any evidence to overcome the strong presumption of veracity afforded to statements made on the record. Tippitt v. Lockhart, 903 F.3d 552, 554-55 (8th Cir. 1990). Additionally, the St. Louis County Court informed him of his right to call witnesses. See Wilcox v. Hopkins, 249 F.3d 720, 724 (8th Cir. 2001)(explaining that a petitioner cannot show prejudice when the court informs him of a fact or law, even if his counsel failed to tell him). Petitioner's first claim is denied.

**Claim Two**

Petitioner next argues that he received ineffective assistance of counsel because his attorney told him the Court would make his sentences run consecutively instead of concurrently if he went to trial. The record indicates that running the suspended sentences concurrently was part of the plea deal. (Resp., Doc. No. 8 Ex. A pg. 14). Counsel was professionally competent when he warned Petitioner that he could face consecutive sentences instead of concurrent sentences. See Wanatee v. Ault, 39 F. Supp. 2d 1164, 1172 (N.D. Iowa 1999)(collecting authority to support this proposition). Furthermore, Petitioner has not presented any evidence showing that his counsel told him the court would punish for attempting to try his case. Petitioner also fails to make the necessary showing of prejudice. Petitioner swore in open court that his plea was voluntary and that no one threatened him. Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990)("Solemn declarations in open court carry a strong presumption of verity")(quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Additionally, the court informed Petitioner of his right to a trial, which undermines an assertion of prejudice. Wilcox, 249 F.3d at 624. Petitioner's vague assertions of coercion are not enough to "affirmatively

prove" prejudice. See Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994)(quoting Strickland, 466 U.S. at 693).Thus, the Court finds that Petitioner 's plea was voluntary.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 19th day of March, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE